OPINION
Appellant, State of Ohio, appeals a decision of the Portage County Municipal Court, Ravenna Division, pursuant to Crim.R. 12(J), in which the trial court granted a motion to suppress filed by appellee, Timothy J. Haley, Jr. The following facts are relevant to a determination of this appeal.
On October 21, 1999, Sergeant Charles P. Land, of the Ohio State Highway Patrol, was patrolling the Ohio Turnpike in Portage County at approximately 2:00 a.m. Sergeant Land was travelling eastbound on a portion of the turnpike that has three eastbound lanes. He came up behind appellee's vehicle, and followed him for almost five miles. Appellee was in the far right-hand lane. Appellee attempted to change lanes in order to pass a semi-truck. In doing so, appellee's vehicle overshot the middle lane and swerved a "tire's width" into the far left-hand lane. An automobile travelling in the far left-hand lane was forced to slow rapidly in order to avoid a collision with appellee's vehicle. Appellee then proceeded to pass the semi-truck and move back into the right-hand lane. According to Sergeant Land, appellee's vehicle swerved past the right-hand lane and crossed over the edge line so that one-quarter of his vehicle was travelling on the shoulder for a distance of approximately one-tenth of a mile. At that point, Sergeant Land initiated a stop of appellee's vehicle.
Sergeant Land detected a strong odor of alcohol on appellee's breath, and observed that his eyes were bloodshot and his speech slurred. The officer proceeded to administer an array of field sobriety tests which appellee failed, according to the officer. Based upon his observations and training, Sergeant Land concluded that appellee was under the influence of alcohol. He placed appellee under arrest, advised him of his Miranda
rights, and transported him back to the Highway Patrol Post. Appellee refused to take a Breathalyzer test. Appellee was charged with driving under the influence of alcohol, in violation of R.C. 4511.19(A)(1), and a marked lane violation pursuant to R.C. 4511.33. Appellee entered a plea of not guilty.
On November 22, 1999, appellee filed a motion to suppress alleging,inter alia, that there was no reasonable suspicion for the stop and no probable cause for the arrest. A hearing was conducted on December 21, 1999. The only two witnesses were Sergeant Land and Jean Toth, a passenger in appellee's vehicle at the time of the foregoing incident. Toth testified that appellee did not swerve, nor did he ever cross either of the dividing lines as claimed by the officer.
On February 28, 2000, the trial court granted appellee's motion to suppress, finding there was no reasonable suspicion for the stop. The court believed Sergeant Land's testimony but stated that the two infractions were too minor to justify a stop. The state timely filed a notice of appeal and has now set forth a single assignment of error. The state contends that the trial court erred when it suppressed the stop of appellee's vehicle. We disagree.
This court has set forth the following standard to review investigative stop cases:
 "In order to conduct an investigative stop of a motor vehicle, a police officer must have an articulable and reasonable suspicion that the motorist is engaged in criminal activity or is operating his vehicle in violation of the law. Delaware v. Prouse
(1979), 440 U.S. 648, 663, 99 S.Ct. 1391. The propriety of an investigative stop is to be viewed in light of the totality of the circumstances. State v. Bobo (1988), 37 Ohio St.3d 177, 524 N.E.2d 489, paragraph one of the syllabus." Warren v. Cecil
(Sept. 30, 1999), Trumbull App. No. 98-T-0152, unreported, at 4.
 In the case sub judice, the arresting officer's own testimony established that he observed appellee for almost five miles and did not observe anything out of the ordinary. He was not speeding and he always used his turn signal to change lanes. This court has repeatedly held that a de minimis marked lane violation, without other evidence of impairment, does not justify an investigative stop. State v. Spikes
(June 9, 1995), Lake App. No. 94-L-187, unreported; State v. Worthy (Dec. 1, 2000), Lake App. No. 99-L-063, unreported.
The trial court found that such relatively minor infractions that occurred over a five-mile section of highway were not so unreasonable as to give a legitimate suspicion of criminal activity. While it is a close call, we cannot conclude that this was an abuse of discretion. Hence, the trial court did not err in granting appellee's motion to suppress.
 _________________________________________ PRESIDING JUDGE WILLIAM M. O'NEILL
NADER, J., CACIOPPO, J., Ret., Ninth Appellate District, sitting by assignment, concur.